UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSIE RIVERA )
 )
v. ) No. 3:07-00086
 ) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

ORDER

Pending before the Court is the Petitioner's Motion For Relief From A Judgment Or Order Pursuant To 60(b)(4) & (b)(6) (Docket No. 14), and the Government's Response (Docket No. 19) thereto. Through the Motion, the Petitioner contends that his April 13, 1992 California conviction was a misdemeanor and should not have been counted as a predicate offense for Career Offender purposes.

In the underlying criminal case, the Petitioner was charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); possession of a firearm by a convicted felon and illegal alien, in violation of 18 U.S.C. §§ 922(g)(1), (5) and 924 (Count Four); and illegal reentry by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (Count Five). (Indictment (Docket No. 19 in Case No. 3:03-00078)).

On the day set for trial, Petitioner decided to plead guilty to all five counts of the Indictment. (Docket Nos. 102, 141 in Case No. 3:03-00078). The Court subsequently sentenced the Petitioner as a Career Offender to a total term of 420 months of imprisonment. (Docket No.

133, 137 in Case No. 3:03-00078).

Petitioner filed a notice of appeal, and his counsel subsequently filed an Anders[1] brief and a motion to withdraw in the Sixth Circuit. (Docket Nos. 135, 144 in Case No. 3:03-00078). The Sixth Circuit affirmed the conviction and sentence, and granted the motion to withdraw. Id.

On January 22, 2007, Petitioner filed a Motion to Vacate (Docket Nos. 1, 2) pursuant to 28 U.S.C. § 2255. Petitioner argued that he received the ineffective assistance of counsel, and that the Court erred in determining that he should be sentenced as a Career Offender. The Court ruled on the sentencing issue as follows:

> Petitioner next argues that the Court erred in determining that he should be sentenced as a career offender because his prior conviction was actually for possession and not distribution, and involved cocaine powder rather than cocaine base.
>
> At the sentencing hearing, the Court found that the following convictions counted toward Petitioner's career offender status: (1) an April 13, 1992 California conviction (offense date of February 13, 1992) of possession of cocaine base for resale; (2) an August 11, 1993 California conviction (offense date of June 27, 1993) of possession or purchase of a controlled substance for resale; and (3) a January 7, 2000 Tennessee conviction (offense date of April 8, 1999) for facilitation. (Id., at 41; Presentence Investigation Report at ¶¶ 57, 59, 61 (Docket No. 136); Sentencing Hearing Exhibits 1- 4 (attached to Docket No. 132)).
>
> During the sentencing hearing, Petitioner's counsel argued that Petitioner's prior April 13, 1992 conviction was a misdemeanor and not a felony because the actual sentence imposed was less than one year. (Transcript of Sentencing Hearing, at 29-34 (Docket No. 137 in Case No. 3:03-00078)). The Government argued that the statutory penalty for the crime charged exceeded one year, and that the actual sentence imposed did not convert the offense from a felony to a misdemeanor under the Sentencing Guidelines. (Id., at 29-35). The Court found that the prior conviction was a felony. (Id., at 35-36, 43).
>
> Petitioner does not offer any proof to support his claim that the first

---

[1] Anders v. California, 386 U.S. 738, 744 (1967).

2

conviction involved powder cocaine, rather than cocaine base, nor does he explain why it would have made any difference in the Court's determination that the conviction was a felony and was appropriately counted toward career offender status. As for Petitioner's argument that the prior convictions were actually for "possession," he again offers no proof that the convictions were actually for simple possession or were otherwise misdemeanors, nor has he explained why they should not have been counted toward career offender status.

Petitioner simply offers no new arguments as to why the Court's sentencing determination was in error. The Court notes that the Sixth Circuit, on appeal, held that Petitioner was properly sentenced as a career offender, and that his other claims regarding his sentence were without merit. (Order, at 2-3 (Docket No. 144 in Case No. 3:03-00078)).

Accordingly, the Court concludes that Petitioner's sentencing claims are without merit and are dismissed.

(Docket No. 8, at 7-8).

Through the pending Motion, the Petitioner files California court documents in support of his argument, and relies on Rule 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure in requesting relief. Rule 60(b) provides, in pertinent part, as follows:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (4) the judgment is void;
>
> * * *
>
> (6) any other reason that justifies relief.

The Government argues that Petitioner's request for relief should be construed as a "second or successive" Section 2255 petition, and as such, it should be transferred to the Sixth Circuit. Under 28 U.S.C. § 2244(b)(3), federal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an

order authorizing the district court to entertain the second or successive request. 28 U.S.C. § 2244; In re: Sims, 111 F.3d 45, 47 (6th Cir. 1997).

The Supreme Court has held that a motion seeking relief under Federal Rule of Civil Procedure 60(b) should be construed as "second or successive" habeas petition if the motion presents a claim that was also presented in a prior application or deals with the constitutionality or substance of the underlying conviction or sentence. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). See also In re: Nailor, 487 F.3d 1018 (6th Cir. 2007). On the other hand, if the motion raises some defect in the integrity of the federal habeas proceeding, such as fraud on the court, the motion is not to be construed as a successive habeas petition. Id.

A review of the pending motion reveals that it raises the same sentencing claim that Petitioner raised in his initial Section 2255 motion to vacate – that his April 13, 1992 California conviction did not constitute a felony supporting his Career Offender status. Accordingly, the Court concludes that Petitioner's Rule 60(b)(6) Motion should be construed as a second or successive habeas petition. Therefore, the motion is hereby transferred to the Sixth Circuit Court of Appeals to obtain authorization to proceed, pursuant to 28 U.S.C. § 1631 and In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

It is so ORDERED.

                                                      _____
                                                      TODD J. CAMPBELL
                                                      UNITED STATES DISTRICT JUDGE